**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH CARLEY,  </br>    Plaintiff,  </br>vs.  </br>MICHAEL FAIRWEATHER, et al.,  </br>    Defendants. | Case No. 2:13-cv-01816-JAD-GWF  </br>**ORDER**  </br>Amended Application to Proceed *in Forma Pauperis* (#3) |

This matter comes before the Court on Plaintiff's amended Application to Proceed *in Forma Pauperis* (#3), filed on June 2, 2014. Plaintiff did not attach her complaint to the amended Application to Proceed *in Forma Pauperis*.

**BACKGROUND**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, for false imprisonment, unlawful search and seizure, and violations of Plaintiff's 5th and 14th Amendment Due Process rights. Plaintiff alleges that the Defendants, acting under color of law, knowingly and purposefully participated in a "sedicious [sic] chain conspiracy" to falsely imprison Plaintiff and deny her of her Constitutional rights. Specifically, Plaintiff alleges detectives with Metro's Financial Crimes Division, in cohorts with probation officers, a District Attorney and District Judge, destroyed and contaminated evidence, falsified court reports and made false and "perjurous" [sic] statements that resulted in her arrest. She alleges that Metro detectives obtained a search warrant under false pretenses and forcibly coerced her to sign legal documents under duress, which resulted in her arrest. Furthermore, she asserts that during the trial, she was denied the opportunity to examine the evidence against her.

**DISCUSSION**

### I. Application to Proceed In Forma Pauperis

To proceed *in Forma Pauperis*, a prisoner must submit a financial affidavit with a signed acknowledgment. *See* 28 U.S.C. § 1915(a)(1). Here, Plaintiff failed to sign the Acknowledgment attached to her financial affidavit. The Court therefore is unable to grant Plaintiff's request to proceed *in Forma Pauperis* at this time. Furthermore, Plaintiff failed to attach a copy of her complaint to her amended Application to Proceed *in Forma Pauperis* (#3). Plaintiff is advised that should she wish to proceed with this action, she must file a copy of her complaint with a completed, amended Application to Proceed *in Forma Pauperis* pursuant to the above discussion.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Though the Court did not grant Plaintiff's Application to Proceed *in Forma Pauperis*, the Court will proceed to screen Plaintiff's Complaint (#1-1) attached to her original Application to Proceed *in Forma Pauperis* (#1) for informational purposes should Plaintiff wish to pursue this action.

#### 1. Plaintiff's claims under 42 U.S.C. § 1983

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). The Supreme Court later clarified that *Heck*'s principle (also known as the "favorable termination" rule) applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction or a prison disciplinary sanction. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir. 2007) (explaining that the "sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of [the plaintiff's] conviction."); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997)

(concluding that § 1983 claim was not cognizable because allegation of procedural defect would result in an automatic reversal of the prison disciplinary sanction.); *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994) (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim.)

Here, if successful, Plaintiff's claim for false imprisonment, unlawful search and seizure, and violations of Plaintiff's 5th and 14th Amendment Due Process rights would imply the invalidity of Plaintiff's conviction, which has not been overturned.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's amended Application to Proceed *in Forma Pauperis* (#3) is **denied** without prejudice.  Plaintiff may resubmit her **Complaint** with a completed **Application to proceed *in Forma Pauperis*** in the United States District Court for the District of Nevada.  Plaintiff shall have until **July 14, 2014** to file her amended Application to Proceed *in Forma Pauperis* or to pay the filing fee.  Plaintiff is hereby advised that failing to do so could result in the dismissal of Plaintiff's action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff an Application for incarcerated individuals to Proceed *in Forma Pauperis* in the United States District Court for the District of Nevada.  In addition to the completed application, Plaintiff must also sign and submit the Acknowledgment attached to the application at page three.

DATED this 12th day of June, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge