## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH CARLEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cv-01816-JAD-GWF |
| ) | |
| vs. ) | **ORDER AND FINDINGS & RECOMMENDATIONS** |
| ) | |
| MICHAEL FAIRWEATHER, et al., ) | |
| ) | Amended Application to Proceed *in Forma Pauperis* (#7) and Motion to Extend Time to File Application (#6) |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's amended Application to Proceed *in Forma Pauperis* (#7), filed on July 24, 2014. The Court initially denied, without prejudice, Plaintiff's Application to Proceed *in Forma Pauperis* (#1) on April 21, 2014, and subsequently denied her first amended Application to Proceed *in Forma Pauperis* (#3) on June 12, 2014. Plaintiff was given until July 14, 2014 within which to file a completed application or pay the $350 filing fee. *See* Order #4. Plaintiff filed a Motion to Extend Time to File her amended Application to Proceed *in Forma Pauperis* (#6) on July 24, 2014. She also filed her second amended Application (#7) and complaint for screening.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, for false imprisonment, unlawful search and seizure, and violations of Plaintiff's 5th and 14th Amendment Due Process rights. Plaintiff alleges that the Defendants, acting under color of law, knowingly and purposefully participated in a "sedicious [sic] chain conspiracy" to falsely imprison Plaintiff and deny her of her Constitutional rights. Specifically, Plaintiff alleges detectives with Metro's Financial Crimes Division, in cohorts with probation officers, a District Attorney and District Judge, destroyed and contaminated evidence, falsified court reports and made false and "perjurous" statements that

resulted in her arrest. She alleges that Metro detectives obtained a search warrant under false pretenses and forcibly coerced her to sign legal documents under duress, which resulted in her arrest. Furthermore, she asserts that during the trial, she was denied the opportunity to examine the evidence against her.

## DISCUSSION

### I.   Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that she is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th

Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

    **1.**    **Plaintiff's claims under 42 U.S.C. § 1983**

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution.  *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).  Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding.  *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).  The Supreme Court later clarified that *Heck*'s principle (also known as the "favorable termination" rule) applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction or a prison disciplinary sanction.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir. 2007) (explaining that the "sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of [the plaintiff's] conviction."); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997)

1   (concluding that § 1983 claim was not cognizable because allegation of procedural defect would
2   result in an automatic reversal of the prison disciplinary sanction.); *Heck v. Humphrey*, 512 U.S.
3   477, 483-87 (1994) (concluding that § 1983 claim was not cognizable because allegations were
4   akin to malicious prosecution claim.)

5   Here, if successful, Plaintiff's claim for false imprisonment, unlawful search and seizure,
6   and violations of Plaintiff's 5th and 14th Amendment Due Process rights would imply the
7   invalidity of Plaintiff's conviction, which has not been overturned.  Accordingly,

## ORDERS

9   **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to File an Amended
10  Application and Complaint (#6) is **granted**.  The Court will consider Plaintiff's Application (#7)
11  and Complaint (#7-1) timely filed.

12  **IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is
13  **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this
14  action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

15  **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action
16  to conclusion without the necessity of prepayment of any additional fees or costs or the giving of
17  security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of
18  subpoenas at government expense.

19  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint
20  (#7-1).

## RECOMMENDATIONS

22  **IT IS HEREBY  RECOMMENDED** that Plaintiff's Complaint be **dismissed** without
23  prejudice for failing to show that her conviction has been overturned.  Plaintiff must first petition
24  the Court to overturn her conviction before proceeding on her § 1983 claim.

25  . . .
26  . . .
27  . . .
28  . . .

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge